UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francesca Maria SARDINA for Wendy Raymond Sardina,<br><br>                                    Plaintiff,<br><br>v.<br><br>Kilolo KIJAKAZI,<br><br>                                    Defendant. | Case No.:  22-cv-1993-AGS<br><br>**ORDER GRANTING PLAINTIFF'S IN FORMA PAUPERIS STATUS (ECF 2)** |

Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the initial filing fee, and his complaint states a claim for relief. So, the Court grants plaintiff's motion.

### I. Motion to Proceed In Forma Pauperis

Typically, parties instituting a civil action in a United States district court must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). But if granted the right to proceed in forma pauperis, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, plaintiff owns no assets and has no cash on hand. (ECF 2, at 2.) She has a monthly income of $609.71 and expenses running over $500 a month. (*Id.* at 1–2, 4–5.) The Court finds that plaintiff has sufficiently shown an inability to pay the initial $402 fee. *See Blount v. Saul*, No. 21-CV-0679-BLM, 2021 WL 1561453, at *1 (S.D. Cal. Apr. 21, 2021) ("It is well-settled that a party need not be completely destitute to proceed IFP.").

---

[1] In addition to the $350 statutory fee, civil litigants must pay a $52 administrative fee. *See* 28 U.S.C. § 1914(a); District Court Misc. Fee Schedule, § 14 (effective Dec. 1, 2020).

## II. 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is "frivolous or malicious," "fails to state a claim," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must (1) "state that the action is brought under § 405(g)," (2) "identify the decision to be reviewed," (3) "state the name and the county of residence of the person for whom benefits are claimed," (4) "name the person on whose wage record benefits are claimed," and (5) "state the type of benefits claimed." Fed. R. Civ. P. Soc. Sec. Supp. 2(b)(1).

Plaintiff meets all four elements to survive a § 1915(e) screening. Plaintiff states the claim is made "pursuant to 42 U.S.C. § 405(g)," identifies the decision as a denial from the Appellate Council "dated 10/31/2018," identifies plaintiff and her residence as the "County of San Diego," and demands "disability benefits under the provisions of the Social Security Act." (ECF 1, at 2–3.) Based on these allegations, plaintiff's complaint is sufficient to survive the "low threshold" for proceeding past the § 1915(e) screening. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

## III. Conclusion

For the reasons set forth above, the Court grants plaintiff's IFP Motion.

Dated:  December 21, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge